IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MICHAEL D. O'BRIEN,

       Petitioner,

v.                                        CASE NO. 1:10-cv-189-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  The Respondent filed a response and an appendix with relevant portions of the state-court record.  (Doc. 17.)  Petitioner has filed a reply.  (Doc. 21.)  Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Petitioner's underlying convictions stem from a September 2005 incident involving Petitioner and his girlfriend.  The couple argued over the course of several hours as they drove between Gainesville and Micanopy, and he pushed her out of a moving car, dragged her into the car against her will, and threatened her if she went to the police.  Although the victim initially implicated Petitioner to law enforcement, in sworn statements, and to others, she later recanted that version of events.  At trial she testified

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

that she voluntarily jumped out of the vehicle. The state presented evidence of the victim's initial assertions that Petitioner had pushed her out of the moving car. A jury found Petitioner guilty of simple battery, kidnapping, and tampering with a witness. On November 26, 2007, he was sentenced to 364 days imprisonment on the battery charge; life in prison as a Prison Releasee Reoffender on the kidnapping charge; and 5 years imprisonment on the witness tampering charge. The First DCA affirmed without opinion on April 14, 2008. (Exh. N.); *O'Brien v. State*, 924 So. 2d 691 (Fla. 1st DCA 2008). The First DCA denied Petitioner's motion for rehearing and request for written opinion on May 15, 2008; mandate issued June 2, 2008. (Exhs. Q, R.) Through counsel, Petitioner filed a Fla. R. Crim. P. 3.850 motion on May 28, 2009. (Exh. S.) It was summarily denied without an evidentiary hearing on January 19, 2010. (Exh. T.) The First DCA affirmed without opinion. (Exh. X); *O'Brien v. State*, 37 So.3d 854 (Fla. 1st DCA 2010). Petitioner has also unsuccessfully sought state habeas relief. (Exhs. Z, AA, BB.)

The instant Petition, which Respondent concedes is timely, followed. Petitioner asserts 10 grounds for relief in his *pro se* Petition. (Doc. 1.)

### Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each

appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is

obvious that the unexhausted claim would now be procedurally barred under state law,

the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir.

1999). Federal habeas courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the failure to

properly present the claim and actual prejudice from the default, or (2) that a

fundamental miscarriage of justice would result if the claim were not considered. *Id*. at

1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation

has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*,

592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a

petitioner must present new reliable evidence that was not presented at trial showing

that "it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's

application for a writ of habeas corpus based on a claim already adjudicated on the

merits in state court unless that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and

convincing evidence that the state court's factual determination was "objectively

unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the

'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its

conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

## Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  "The

relevant question is not whether counsel's choices were strategic, but whether they were

reasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute

rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute

rules would interfere with counsel's independence–which is also constitutionally

protected–and would restrict the wide latitude counsel have in making tactical decisions."

*Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy,

[the Court] need not attempt to divine the lawyer's mental processes underlying the

strategy."  *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc).  "No lawyer can be expected to have considered all of the ways [to provide

effective assistance]."  *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate
> choice between course A, course B, and so on.  The lawyer's strategy was
> course A.  And [the Court's] inquiry is limited to whether this strategy, that
> is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id*. at 694.  A "reasonable probability is defined

as a probability sufficient to undermine confidence in the outcome."  *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel

claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id.* Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### Ground 1: Denial of motion for judgment of acquittal

Petitioner contends that the evidence was insufficient to sustain his convictions and therefore the trial court erred in denying his motion for judgment of acquittal. (Doc. 1.) Petitioner raised the issue on direct appeal. (Exh. K.) Respondent contends that this claim is unexhausted, and is now procedurally defaulted, because Petitioner never specifically or by implication raised this claim as a federal constitutional issue in state court. (Doc. 17.) Petitioner asserts that the state law precedent cited in his appellate brief adequately employed constitutional analysis and therefore put the state court on notice of the constitutional nature of his claims. (Doc. 21.)

Petitioner's appellate counsel cited only state cases in support of the appellate arguments, and there is no mention in the brief of any federal constitutional claim with respect to this issue. (*See* Exh. K.) On the basis of this record, the Court concludes that Petitioner's claim regarding the trial court's denial of his motion for judgment of acquittal was not exhausted as a federal constitutional claim in the state courts. *See Pearson v. Sec. Dept. Corr.*, 273 Fed.Appx. 847 (11th Cir. 2008) (rejecting similar sufficiency-of-the-evidence claim as unexhausted where Petitioner's state-court filings cited exclusively to state cases, and all of his substantive arguments addressed Florida law). Because Petitioner clearly would be barred from now pursuing this claim in state

court, it is procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claim.

Even if Petitioner had exhausted this claim, he has not shown that the state court's rejection of the claim provides any basis for federal habeas review. When reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In determining whether the facts of a particular case satisfy the *Jackson* standard, it is necessary to refer to the essential elements of the crimes as defined by state law." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) (citations omitted).

Petitioner was charged with violating Florida's kidnapping statute by "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his or her will and without lawful authority, with intent to . . . [i]nflict bodily harm upon or terrorize the victim." Fla. Stat. § 787.01(1)(a)3; Exh. B.[2] Viewing the evidence adduced at Petitioner's trial in the light most favorable to the prosecution, a rational trier of fact

---

[2]Respondent asserts, and Petitioner does not dispute, that because his sentences on the battery and witness tampering convictions completely expired prior to filing the instant federal habeas petition, those convictions are conclusively valid and are not open to collateral attack in federal habeas. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 395 (2001). Accordingly, the Court will analyze Petitioner's claims as an attack on his kidnapping conviction, for which he is currently serving a life sentence.

could have concluded beyond a reasonable doubt that Petitioner kidnapped the victim. The victim made several statements, sworn and otherwise, that Petitioner pushed her out of the moving car, threatened her, and forced her back into the car. Accordingly, even if Petitioner had properly exhausted this claim, his challenge to the sufficiency of the evidence is without merit.

### Ground 2: Improper bolstering

Petitioner contends that the state impermissibly bolstered the victim's recanted testimony by allowing a sheriff's deputy to comment on her credibility. (Doc. 1.) Petitioner raised the issue on direct appeal. (Exh. K.) Respondent contends that this claim is unexhausted, and is now procedurally defaulted, because Petitioner never specifically or by implication raised this claim as a federal constitutional issue in state court. (Doc. 17.) Petitioner asserts that the state law precedent cited in his appellate brief adequately employed constitutional analysis and therefore put the state court on notice of the constitutional nature of his claims. (Doc. 21.)

Petitioner's appellate counsel cited only state cases in support of the appellate arguments, and there is no mention in the brief of any federal constitutional claim with respect to this issue. (*See* Exh. K.) On the basis of this record, the Court concludes that Petitioner's claim regarding bolstering was not exhausted as a federal constitutional claim in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Petitioner clearly would be barred from now pursuing this claim in state court, it is procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that

suggests that a fundamental miscarriage of justice would result if the Court does not consider the claim.

Even if Petitioner had exhausted this claim, he has not shown that the state court's rejection of the claim provides any basis for federal habeas review. Petitioner takes issue with the following exchange on re-direct examination:

Q    Deputy, you walked through a warrant in this case, didn't you?
A    Yes, I did.
Q    If you hadn't found [the victim] credible, would you have walked through a warrant?
A    No, I would not.

(Exh. D, p. 136.) However, prior to this exchange, on cross-examination, Petitioner's trial counsel had questioned the deputy regarding her application for the warrant, which included the following exchange:

Q    You did not question [the victim's] credibility when she came to you; is that correct?
A    No, I did not.
Q    You essentially trusted [the victim]?
A    Yes, I did.

(Exh. D, p. 135.) In this context, the trial court overruled trial counsel's objection to the state's questions on re-direct regarding the walk through. Based on this record, even if he had properly exhausted this claim, Petitioner has failed to show that the deputy's testimony was improper and even if it were, that is "so infused the trial with unfairness as to deny due process of law." *Felker v. Turpin*, 83 F.3d 1303 (11th Cir. 1996).

### Ground 3: Improper prosecutorial statement

Petitioner contends that the prosecutor misstated Florida law in his closing argument. (Doc. 1.) Petitioner raised the issue on direct appeal. (Exh. K.) Respondent contends that this claim is unexhausted, and is now procedurally defaulted, because

Petitioner never specifically or by implication raised this claim as a federal constitutional issue in state court.  (Doc. 17.)  Petitioner asserts that the state law precedent cited in his appellate brief adequately employed constitutional analysis and therefore put the state court on notice of the constitutional nature of his claims.  (Doc. 21.)

Petitioner's appellate counsel cited only state cases in support of the appellate arguments, and there is no mention in the brief of any federal constitutional claim with respect to this issue.  (*See* Exh.  K.)  On the basis of this record, the Court concludes that Petitioner's claim regarding the prosecutor's alleged misstatement of the law was not exhausted as a federal constitutional claim in the state courts.  Because Petitioner clearly would be barred from now pursuing this claim in state court, it is procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice.  Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claim.

Even if Petitioner had exhausted this claim, he has not shown that the state court's rejection of the claim provides any basis for federal habeas review.  The statement at issue was:

> Florida law, ladies and gentlemen, requires no corroboration of a victim's statement.  If you believe the victim, the case is proven beyond a reasonable doubt.

> Is there corroboration of this victim's statement?  Absolutely.  But Florida law does not require it.  Florida law, unlike the Bible, does not require two witnesses to come forward against thee.  Florida law needs but one.

(Exh. D, pp. 262-63.)

It is well-settled that improper jury argument by the prosecution violates a defendant's constitutional right to a fair trial in some circumstances. *See, e.g., Cronnon v. State*, 587 F.2nd 246, 251 (5th Cir. 1978). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Davis v. Kemp*, 829 F.2d 1522, 1527 (11th Cir. 1987). The Court applies a two-step process in reviewing such a claim: (1) the Court considers whether the argument was improper; and (2) whether any improper argument was so prejudicial as to render the trial fundamentally unfair. *Id*. at 1526. Thus, "'[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. at 1526-27 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). A trial is fundamentally unfair if there is a reasonable probability that but for the prosecutor's improper remarks, the outcome of the trial would have been different. *Williams v. Kemp*, 846 F2d 1276, 1283 (11th Cir. 1988).

The First DCA, in denying Petitioner's claim on direct appeal, concluded that the remarks were not a misstatement of Florida law, an interpretation of state law entitled to deference by the federal habeas court. However, even assuming, *arguendo*, that the remarks were somehow improper, there is not a reasonable probability that but for these remarks, the outcome of the trial would have been different. Accordingly, even if Petitioner has properly exhausted this claim, he would not be entitled to federal habeas relief.

### Ground 4: Ineffective Assistance - Advice to reject plea offer

Petitioner contends that trial counsel rendered ineffective assistance by advising

him to "to reject the state's plea offer, because the state would not be able to prove their case." (Doc. 1, p. 14.) Petitioner raised this claim in his rule 3.850 motion for postconviction relief, arguing that counsel advised him that the state would be unable to prove its case because the victim recanted her statements. (Exh. S, p. 4.) Petitioner claims that but for trial counsel's ineffective assistance, he would have accepted the plea offer of three years and would not have proceeded to trial, which resulted in a sentence of life imprisonment. In rejecting this claim on postconviction review, the state court, relying on the test established in *Morgan v. State*, 991 So. 2d 835, 839 (Fla. 2008), rejected Petitioner's claim: "Because Defendant is not claiming that trial counsel failed to communicate a plea offer or misadvised him regarding the maximum possible sentence, this claim is without merit." (Exh T, p. 15.) The First DCA *per curiam* affirmed without written opinion. (Exh. X.)

In *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper,* 566 U.S. ___, 132 S. Ct. 1376 (2012), each decided after the state court's decision and after the filing of the instant federal habeas petition, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye,* 132 S. Ct. at 1404-08; *Laftler,* 132 S. Ct. at 1384. In applying *Strickland*'s prejudice prong to challenges to guilty pleas, "a defendant most demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or lower sentence." *Frank v. United States*, ___ Fed. Appx. ___, 2013 WL 328178, *2 (11th Cir. 2013) (citing *Frye* and *Lafler*).

Assuming, *arguendo*, that trial counsel's performance was deficient, Petitioner has failed to demonstrate prejudice. The record shows that Petitioner did not reject the plea offer based on trial counsel's advice. To the contrary, at his November 27, 2006, sentencing, Petitioner (with the imposition of a life sentence imminent) stated: "I would just like to say that <u>I was offered three years and I didn't take it because I wasn't guilty of any of the charges that I was charged with</u>. If I was guilty I would have jumped on three years as opposed to a life sentence." (Exh. H., p. 7) (emphasis added). The record demonstrates that Petitioner refused the plea offer because of his proclaimed innocence, not because of counsel's advice. Petitioner has not shown a reasonable probability that but for trial counsel's advice, he would have accepted the plea offer. Accordingly, he has failed to show that the state court's decision rejecting this ineffective-assistance claim reflects an unreasonable determination of the facts, or was contrary to, or an unreasonable application of, *Strickland.*

### Ground 5: Ineffective Assistance - Failure to present "key evidence"

Petitioner contends that his trial counsel rendered ineffective assistance in failing to secure and present "key evidence" at trial. Specifically, Petitioner asserts that trial counsel should have introduced transcripts from a September 27, 2005 hearing on the victim's petition for injunction where she testified that she did not need a restraining order, that she voluntarily jumped out of the moving vehicle, and that she lied initially because she did not want to get fired by her employer. (Doc. 1.) In rejecting this claim on postconviction review, the state court concluded:

> Introducing the transcripts at trial was unnecessary and would have been cumulative. The jury heard [the victim] testify that she lied, and had the opportunity to consider that evidence. Because the evidence of [the victim's]

lying was presented and considered by the jury, there is no reason to suspect that presenting the transcript at trial would have changed the outcome of Defendant's case. Furthermore, prior inconsistent statements are inadmissible to bolster a witness's credibility. *Rodriguez v. State*, 609 So. 2d 493, 500 (Fla. 1992). Because [the victim] testified at trial that she jumped out of the vehicle, and Defendant alleges that she testified to the same facts at the injunction hearing, the transcript from that hearing would have been inadmissible hearsay. This claim is without merit.

(Exh. T, pp. 15-16.) The First DCA *per curiam* affirmed without written opinion. (Exh. X.)

Trial counsel cannot be deemed deficient for failing to attempt to introduce evidence that (1) would have been cumulative; and (2) would have been inadmissible. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that introduction of the injunction hearing transcript would have resulted in a not guilty verdict. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 6: Ineffective Assistance - Failure to call "key witnesses"

Petitioner contends that his trial counsel rendered ineffective assistance in failing to secure and present "key witnesses" at trial. (Doc. 1.) In rejecting this claim on postconviction review, the state court concluded:

> As to ground three, Defendant claims that trial counsel was ineffective for failing to call two "key witnesses." Defendant alleges that trial counsel should have called Luis Lugo and Jasmine Nieva to testify at trial. According to Defendant, Lugo would have testified that the victim told him that she was afraid of losing her job and that she only reported Defendant to keep her job. Lugo also would have testified that the victim exhibited strange behavior including jumping from a moving vehicle.

Nieva would have testified that the victim told Nieva that she lied and that the victim told Nieva she jumped from a moving vehicle. Neither Lugo nor Nieva could have testified as to what [the victim] told them, as this testimony would have been inadmissible hearsay. Likewise, any testimony regarding the victim's propensity to jump out of moving vehicles also would have been inadmissible under Fla. Stat. § 90.404(2). Finally, this information was presented to the jury through the victim's own testimony. The jury still found Defendant guilty, and therefore he suffered no prejudice from these witnesses absence. This ground is without merit.

(Exh. T, p. 16.) The First DCA *per curiam* affirmed without written opinion. (Exh. X.)

In the habeas corpus context, "[c]omplaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). Trial counsel cannot be deemed deficient for failing to attempt to introduce evidence that would have been inadmissible and, as the state court pointed out, was presented to the jury through the victim's own testimony.

Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that the testimony of Mr. Lugo and Ms. Nieva would have resulted in a not guilty verdict. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 7: Ineffective Assistance - Failure to argue that the PRR statute unconstitutional as applied to Petitioner

Petitioner contends that his trial counsel performed deficiently by failing to argue that the Prison Releasee Reoffender (PRR) statute was unconstitutional as applied to

Petitioner.  (Doc. 1.)  In rejecting this claim, the state postconviction court pointed to *State v. Cotton*, 769 So. 2d 345, 349-51 (Fla. 2000), and found that Petitioner's argument that the sentencing judge's discretion is limited by the PRR statute had already been rejected by the Florida Supreme Court.  In his reply, Petitioner states that "In Good Faith Petitioner Hereby Abandon This Claim."  (Doc. 21.)  Accordingly, the Court concludes that this claim has been abandoned and it will not be further addressed.

### *Ground 8: Ineffective Assistance - Failure to raise prosecutorial remarks issue on direct appeal*

Petitioner contends that appellate counsel was ineffective for failing to argue on direct appeal that the prosecutor's comments during closing arguments misstated Florida law and used Bible rhetoric.  (Doc. 1, Exh. Z.)  However, Petitioner's appellate counsel did raise this issue on direct appeal, as Issue III.  (Exh. K.)  Appellate counsel cannot be deemed to be deficient for failing to raise an issue on appeal when he did in fact raise the issue on direct appeal.

### *Ground 9: Ineffective Assistance - Failure to raise denial of motion for judgment of acquittal on direct appeal*

Petitioner contends that appellate counsel was ineffective for failing to argue on direct appeal that trial court erred in denying his motion for judgment of acquittal.  (Doc. 1, Exh. Z.)  However, Petitioner's appellate counsel did raise this issue on direct appeal, as Issue I.  (Exh. K.)  Appellate counsel cannot be deemed to be deficient for failing to raise an issue on appeal when he did in fact raise the issue on direct appeal.

**Ground 10: Ineffective Assistance - Failure to raise closing argument issue on direct appeal**

Petitioner contends that appellate counsel was ineffective for failing to argue on direct appeal that the prosecutor made remarks during closing that improperly appealed to the sympathy and passion of the jury. (Doc. 1.) Petitioner raised the issue in his state habeas petition (Exh. ZZ), which the First DCA *per curiam* denied on the merits. (Exh. AA.) Petitioner identified the following statement made by the prosecutor during closing remarks:

> We know that [the victim] was in fear after this event. We heard Deputy DiBernardo say she asked me about I'm scared, how do I know if he's in or out of jail. We know from Deputy Decoursey, she asked why didn't you report this earlier. She said, [the victim] said, I was scared.
>
> Fear is a terrible and powerful moving factor, and it is the driving force in this case in large part. And I would submit to you it is 99.9 percent of the reason that we are convened here today and [the victim] is on the stand, because of fear. Fear caused her to change a consistent story. . .

(Exh. D, p. 265; Exh. ZZ.)

To place the statement in context, the prosecutor's entire last sentence was: "Fear caused her to change a consistent story, that was consistent on September 9th to her coworkers, it was consistent on September 12th at the petition for injunction, on September 12th to law enforcement, on September 13th and 14th to the state attorney's office." (Exh. D, pp. 265-66.)

Petitioner argued in his state habeas petition that even though trial counsel failed to object to the prosecutor's improper appeal to the jury for sympathy for the victim, this "was cured by the fact that the prosecutor's improper argument was a fundamental error." (Exh. ZZ, p. 21.) Petitioner alleges appellate counsel was constitutionally

ineffective for failing to raise a claim of fundamental error due to the prosecutor's comments.

Where an issue is not preserved at trial, appellate counsel is not deficient for failing to raise it unless the claim constituted fundamental error. *See, e.g, Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) (citing *Card v. State,* 497 So. 2d 1169, 1177 (Fla. 1986); *Davis v. State,* 928 So. 2d 1089, 1127 (Fla. 2005). Under Florida law a "fundamental error" can be considered on appeal without objection in the lower court only where the error is "the type of error which 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *McDonald v. State,* 743 So. 2d 501, 505 (Fla. 1999) (quoting *Kilgore v. State,* 688 So. 2d 895, 898 (Fla. 1996)).

The remarks Petitioner challenges do not improperly appeal to the jury's sympathy for the victim or attempt to inflame the passions of the jury. Even if they were deemed improper, it cannot be said that they denied Petitioner fundamental fairness. There is not a reasonable probability that the outcome of the trial would have been different had these statements not been made during closing. On the basis of this record, Petitioner has failed to show that the state court's rejection of these claims was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 6th day of August 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**